UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In Re:

MARK S. COLON &
VERONICA I. COLON,

    Debtors.

---

ROBERT TENCZAR & JENNIFER TENCZAR, husband & wife;

    Plaintiffs,

vs.

MARK S. COLON & VERONICA I. COLON,

    Defendants.

Bankruptcy No. 13-15193-TWD

Adversary Proceeding No.

COMPLAINT TO DETERMINE DISCHARGEABILITY

COME NOW the plaintiffs by and through their below-signed attorneys of record, A. Stephen Anderson, PS, and A. Stephen Anderson, and for cause of action hereby allege as follows:

## I. Parties and Jurisdiction

1.1 Plaintiffs Robert Tenczar and Jennifer Tenczar (hereinafter referred to collectively as "Tenczars"), husband and wife, were at all times material hereto residents of King County, Washington. They are all of the members and all of the managers of

COMPLAINT TO DETERMINE
DISCHARGEABILITY - 1

Plaintiff Everest Homes, LLC ("Everest Homes"), a Washington limited liability company. Everest Homes does business in King County, Washington.

1.2 Defendants Mark S. Colon and Veronica I. Colon (hereinafter "Colon"), husband and wife, are believed to be residents of King County, Washington. Defendant Mark S. Colon is believed to be the sole officer and director of Defendant Pacific Builders Development, Inc., (hereinafter "Pacific Builders") a Washington corporation. Pacific Builders does business in King County, Washington. The conduct of Defendant Mark S. Colon herein complained of was on his own behalf and that of his marital community.

## II. FACTS PERTINENT TO THE CLAIMS

2.1 In June 2008, Defendant Mark S. Colon and a colleague Joshua Hosford executed a purchase and sale agreement for a parcel of commercial property ("the Property") in Manson, Washington with the expressed intention of developing the Property into condominiums. Subsequently Defendant Mark S. Colon and his colleague assigned their interest in the purchase and sale agreement to Manson Vue LLC, a Washington limited liability company they and a third colleague, Jared Spane, formed for the purpose of purchasing, owning and developing the Property ("the Project.")

2.2 In late 2008, Joshua Hosford approached Tenczars to solicit a loan to fund the Project. In further discussions, Joshua Hosford solicited Tenczars' participation as investors rather than as lenders. Based on representations made by defendant Mark S. Colon and Joshua Hosford, many of which proved to be false, Tenczars initially invested $100,000. In 2010, Joshua Hosford approached Tenczars to solicit an additional investment of $75,000 in the Project. In 2011, Joshua Hosford approached Tenczars to solicit an additional investment of $40,000 in the Project. Each time, to persuade the

COMPLAINT TO DETERMINE
DISCHARGEABILITY - 2

Tenczars to invest, Defendant Mark S. Colon made a number of material factual representations that later proved to be false. These material misrepresentations were intended to induce Tenczars to invest in the Project initially and to make subsequent investments, and Tenczars relied on the misrepresentations made by Defendant Colon in deciding to invest. The material misrepresentations included, without limitation, that Lyle and Pat Hosford parents of Joshua Hosford had invested a certain sum of money in the Project, but any actual investment appears to have been considerably less than what they claimed. In particular, Joshua Hosford represented that his parents, Defendants Lyle and Pat Hosford had invested $85,000 in the Project and that sum was used as a benchmark to assess Everest Homes' (Tenczars' wholly owned entity) percentage of interest in Manson Vue, and Defendant Mark Colon confirmed Hosford's representations. In enticing Tenczars' investments, Defendant Mark S. Colon falsely represented that he had accomplished considerably more work in the Project than had actually been accomplished, and otherwise inflated the progress of the Project. In enticing Tenczars' investments, Defendant Colon falsely represented the time and expense that would be required to complete the Project, stating untruthfully as to each proposed investment that it would constitute all of the funds necessary to complete the planning and permitting for the Project, including all architectural and engineering work. In all instances, Defendant Colon knew or reasonably should have known that the representations he made to Tenczars were false, his misrepresentations were made to induce Tenczars to invest in the Project, and he intended that they rely on the truthfulness of his misrepresentations.

2.3  Defendant Mark S. Colon further falsely represented that the Property seller has made certain price and term concessions in writing when in fact no price and term

COMPLAINT TO DETERMINE
DISCHARGEABILITY - 3

concessions existed. In all instances, Defendant Mark S. Colon knew or reasonably should have known that the representations he made to Tenczars were false, his misrepresentations were made to induce Tenczars to invest in the Project, and he intended that they rely on the truthfulness of his misrepresentations.

2.4 In reliance on the information provided by Defendant Mark S. Colon, Tenczars invested $100,000. In return, Tenczars' entity, Everest Homes LLC became a member of Manson Vue LLC. In further reliance on the information provided by Defendant Mark S. Colon, Tenczars made additional investments of $75,000 and agreed to invest an additional $40,000. After learning of some of the numerous false representations made by Defendant Mark S. Colon, Tenczars funded only about $22,000 of the final $40,000 solicited.

2.5 Defendant Mark S. Colon participated in the material misrepresentation of the extent of Defendants Lyle and Pat Hosford's investment at least by remaining silent as Joshua Hosford misrepresented their investment and by signing or initialing various documents attesting that they had invested $85,000 in the Project when he knew or reasonably should have known that they had not.

2.6 Eventually it became apparent to Tenczars that Defendant Mark S. Colon diverted to his use some of the funds invested by Tenczars that were intended to complete the Project. Tenczars have repeatedly requested from Manson Vue, and Defendant Mark S. Colon documentation confirming the receipts and disbursements of Manson Vue and of Defendant Mark S. Colon on Manson Vue's behalf, but their requests have been ignored.

2.7 Defendant Mark S. Colon's role in the Project was to serve as the

COMPLAINT TO DETERMINE
DISCHARGEABILITY - 4

developer, through his entity, Defendant Pacific Builders, which was also a member of Manson Vue. However, there were long periods, several months at a time, since Tenczars' initial investment during which Defendant Mark S. Colon and Pacific Builders did nothing to advance the Project. Defendant Mark S. Colon withheld this critical information from Tenczars when he and Joshua Hosford solicited additional investment from Tenczars, each time giving incomplete or false information as to why additional funds were needed. Meanwhile, the purchase and sale agreement had to be extended repeatedly, at considerable expense each time.

2.8 Because of the long delays attributable to Defendant Mark Colon and Joshua Hosford and diversion of Project resources to their personal use, the Project required additional funding.

2.9 Tenczars now believe that at least some of their investment was diverted to personal use of Defendant Mark S. Colon, but their requests for books and records of Manson Vue and the Project have been ignored.

2.10 Prior to filing this action, Tenczars attempted to mediate this dispute in the spirit, if not the letter, of the Limited Liability Company Agreement of Manson Vue LLC ("the Company Agreement"), to which all parties are signers, but none of the named parties or other interested parties would participate.

### III. FIRST CAUSE OF ACTION – FRAUD

3.1 Plaintiffs restate paragraphs 1.1 through 2.10, above.

3.2 By their conduct herein alleged, Defendant Mark S. Colon committed fraud in the inducement in securing the investment made by plaintiffs Tenczar.

### IV. SECOND CAUSE OF ACTION – BREACH OF CONTRACT

COMPLAINT TO DETERMINE
DISCHARGEABILITY - 5

4.1 Plaintiffs restate paragraphs 1.1 through 3.2, above.

4.2 By their conduct herein alleged, the named defendants have breached the Company Agreement, and Defendant Mark S. Colon breached numerous oral agreements with Tenczars.

## V. THIRD CAUSE OF ACTION – SECURITIES VIOLATIONS

5.1 Plaintiffs restate paragraphs 1.1 through 4.2, above.

5.2 By their conduct herein alleged, Defendant Mark S. Colon violated the Securities Act of Washington State (RCW 21.20).

## VI. FOURTH CAUSE OF ACTION – ATTORNEY FEES AND COSTS

6.1 Plaintiffs restate paragraphs 1.1 through 5.2, above.

6.2 Under the Securities Act of Washington State (RCW 21.20) and other applicable law, Defendant Mark S. Colon is liable for actual costs and attorney fees incurred by plaintiffs Tenczar and Everest Homes.

**WHEREFORE**, Plaintiffs Tenczar and Everest Homes, LLC pray for judgment against the defendants as follows:

A. That the debts of Debtors Mark S. Colon and Veronica I. Colon are non-dischargeable under 11 USC 523 (2) & (4) and otherwise as may be proved at trial;

B. Judgment against defendants Colon jointly and severally for the return of Tenczars' investment in Manson Vue, LLC;

B. Judgment against defendants Colon jointly and severally for direct damages in an amount to be proved at the time of trial;

C. Judgment against defendants Colon jointly and severally for consequential

COMPLAINT TO DETERMINE
DISCHARGEABILITY - 6

1  damages in an amount to be proved at the time of trial;

2  D. Judgment against defendants Colon jointly and severally for costs and
3  disbursements herein including reasonable attorney's fees; and,

4  E. For such other and further relief as this court deems just and equitable.

5  DATED this 3rd day of September, 2013.

A. Stephen Anderson, PS

*(signature)*

A. Stephen Anderson, WSBA# 8369
Attorney for Plaintiffs
146 N. Canal St.
Suite 350
Seattle, WA 98103
206.306.9464
FAX: 1.888.315.5938
astephenanderson@gmail.com

COMPLAINT TO DETERMINE
DISCHARGEABILITY - 7